Filed 10/30/23  P. v. Anderson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CHRISTPHER BLAKE ANDERSON,<br><br>     Defendant and Appellant. | A165991<br><br>(Napa County<br>Super. Ct. No. CR7306A) |

**MEMORANDUM OPINION[1]**

Christopher Blake Anderson appeals from the denial of his petition for resentencing pursuant to Penal Code section 1170.95, now section 1172.6.[2]  A

---

[1]     We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]     All further statutory references are to the Penal Code.

While this appeal was pending, section 1170.95 was renumbered to section 1172.6.  (Stats. 2022, ch. 58, § 10; see *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)  As such, we will refer to section 1172.6, but we will continue to refer to section 1170.95 as necessary, since section 1170.95 was the correct statutory designation at the time of the underlying proceedings and since the parties and the trial court below referred to that statute.

1

jury found Anderson guilty of two counts of first degree murder and two counts of first degree robbery in 1988.  (§§ 187, 211.)  The jury also found true enhancement allegations as to all counts that Anderson personally used a firearm and that a principal was armed with a firearm.  (§§ 12022, subd. (a), 12022.5.)  The court sentenced Anderson to concurrent terms of 25 years to life for the murder counts, plus consecutive two-year terms for the personal use of firearm enhancements.  Division Two of this court affirmed his convictions in 1991.  (*People v. Anderson* (1991) 233 Cal.App.3d 1646, 1667.)

After Anderson filed his section 1170.95 petition, the resentencing court appointed counsel and issued an order to show cause after the parties stipulated to a prima facie showing.  At the hearing on the petition, the parties did not present any new evidence, but submitted specific portions of the trial transcript to the court to review.  The parties also stipulated as follows:  the victims were killed by gunshots to the head on December 2, 1986 in Placer County; Kenneth Lee, not Anderson, was the actual killer who fired those shots; and neither victim was a peace officer.  The court ultimately denied the petition for resentencing.  Though the court did not find beyond a reasonable doubt that Anderson acted with intent to kill, the court found beyond a reasonable doubt that Anderson was a major participant in the robbery and acted with reckless indifference to human life.

Anderson appealed, and his counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  Counsel set forth a statement of the case, raised no issues, and requested that we exercise our discretion to independently review the record for error.  Counsel and this court informed Anderson of the opportunity to file a supplemental brief, which he has done.  Anderson argues the court erred in denying his petition because substantial evidence did not support the court's conclusion that he acted with reckless

2

indifference to human life. After reviewing Anderson's arguments and the record, we affirm.

In this case, Anderson does not dispute he was a major participant. Thus, as Anderson indicates, the question is whether substantial evidence supports the resentencing court's conclusion beyond a reasonable doubt that he acted with reckless indifference to human life. Mindful of the " 'significant[] overlap' " between being a major participant and having reckless indifference to human life (*People v. Clark* (2016) 63 Cal.4th 522, 615), we discuss both the major participant and reckless indifference prongs.

First of all, ample evidence establishes that Anderson was a major participant in the robbery. (*People v. Banks* (2015) 61 Cal.4th 788, 803 (*Banks*).) Anderson participated in multiple planning meetings along with Arthur Chen, Richard Young, Robert Novak, Kenneth Lee, and John Bailey. Anderson was present when the men discussed the fact that the victims sold drugs and would have drugs and money at the home, and when Chen indicated the victims would need to be killed. The men knew there were firearms in the victims' home. Anderson and the other men prepared their own firearms with tape and brass catchers before the crimes, so as to minimize the possibility that evidence would be left behind.

Apart from the above, the evidence also showed Anderson played a key role as an actual perpetrator in executing the crimes. (*Banks*, *supra*, 61 Cal.4th at p. 803.) He and Lee were the first to enter the home, and they restrained the victims and had them lie on their bellies. Anderson himself searched the home for valuables. At one point, Anderson moved victim Claudia Plemmons into other rooms to conduct his search, then he put her back on the floor next to the other victim.

After the killings, Anderson went back inside the victims' home to retrieve the handcuffs from their bodies. He also helped count the stolen money and received a portion of it. Anderson was later found in possession of a ski mask, military-type clothing, and a roll of duct tape that bore his fingerprints and was used on the female victim.

Substantial evidence also supports the conclusion that Anderson acted with reckless indifference to human life. (*In re Scoggins* (2020) 9 Cal.5th 667, 677.) Anderson knew multiple firearms would be involved, and he and the others were together as they prepared their weapons with brass catchers, tape, and silencers. Plus he was present at planning meetings when killing the victims was discussed. Bailey testified he tried to talk Anderson out of committing the crimes but to no avail. Young testified that, at the crime scene, he saw Anderson try to fire Young's weapon at the victims and heard Anderson complain when it jammed. This aligned with Detective Jeffrey Jensen's testimony that Anderson, in response to questioning, indicated he pointed Young's Uzi at Plemmons and pulled the trigger, but the gun jammed.

Thus, the totality of the circumstances amply establishes that Anderson was subjectively aware of and willingly involved in this violent home invasion robbery, and that he consciously disregarded the significant risk of death his actions created. (*In re Scoggins*, *supra*, 9 Cal.5th at p. 677.) The risk of death was grave, and disregard of that risk was a gross deviation from the standard of conduct a law-abiding person would have observed in the situation. (*Ibid.*)

Anderson argues the perpetrators' actions of wiping down the casings, equipping silencers, and taping magazines were undertaken "to scare the householders into giving up their valuables by shooting their guns, not killing

4

them." We are not persuaded, as the argument does not negate the evidence that lethal force was contemplated and that Anderson remained a major participant in the crimes after Chen indicated the victims would be killed. Similarly unpersuasive is Anderson's contention that his wearing a mask and attempting to disguise himself showed he did not expect the victims would be killed.

In sum, the totality of the circumstances supports the resentencing court's finding that Anderson was a major participant in the robbery who acted with reckless indifference to human life.

## DISPOSITION

The order denying Anderson's section 1170.95 petition is affirmed.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Petrou, J.

*People v. Anderson* (A165991)

5